Carlin *v.* Wallace.

13L 571
2pi 189

## D. B. CARLIN *v.* CAMPBELL WALLACE.

LIMITATIONS, STATUTE OF. *Code, section* 2762*b.* The terms of this statute embrace persons temporarily absent as well as non-residents, and make no distinction between those who are non-resident by removal from the State and those who have always been so.

### FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

GEO. T. WHITE for complainant.

·KEY & RICHMOND for .defendant.

·TURNEY, J., delivered the opinion of the court.

Carlin by his bill charges that he bought of Wallace a lot of ground in the city of Chattanooga at the price

of $4,000, $500 in cash and the balance evidenced by notes for deferred payments. A title bond was executed. Wallace was then (1867, 1868) and is now a citizen of Georgia. All of the purchase money notes have been paid, a part of them by sale (under decree for the enforcement of lien) of a parcel of the lot.

It is charged that at the time of the decree of sale a credit of $111.80 was, by mistake, omitted.

That there was this mistake in calculating a payment of about $218 paid by the clerk and master to Wallace in excess of the amount really due. Whether the $111 is a part of this mistake it is not now necessarry to inquire. That about ten years before the filing of the bill Wallace promised to refund the $111.80 if there had been an omission to allow the proper credit as claimed; that Wallace refuses to make title as covenanted in his bond, with a prayer for the relief necessary. There was demurrer which was overruled by the chancellor. The Referees recommend an affirmance.

The first ground of demurrer is that a decree of the chancery court divested Wallace of title and vested it in complainant. Such decree is not in compliance with the bond, inasmuch as it does not bind Wallace to the covenants of warranty undertaken to be given upon the payment of the purchase money.

The second ground that Wallace is a non-resident, and the court has no jurisdiction to compel him to make a deed may be technically correct, but as property has been impounded by attachment, the court has jurisdiction to keep its custody for the security of

complainant until defendant complies with his under-taking to make title to so much of the lot as com-plainant owns under his contract of purchase.

The third assignment is general, and not recognized in our practice.

The fourth, that the matter is *res adjudicata* if not defeated by the charges of fraud and mistake, is by the allegation of a promise to pay.

The fifth, that the statutes of limitations of three, six and ten years bar complainant's claim is overruled by the act of the General Assembly of 1865, chapter 10, section 3, Code, section 2762*b*, as follows: "If at any time any cause of action shall accrue against any person who shall be out of this State, the action may be commenced within the time limited therefor after such persons shall have come into the State, and after the cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the State the time of his absence or residence out of the State shall not be taken as any part of the time limited for the commencement of the action."

The terms are broad and comprehensive, and em-brace those persons who are temporarily absent, as well as those who are non-residents, and make no distinc-tion between those who are non-resident of the State by removal therefrom, and those who have always been so. So that in the present case no time had commenced to run against complainant, though his cause of action had existed for several years, and he might at any time as he has done by this bill, com-mence his suit by attachment.

The sixth, that there was no consideration for the promises is in the nature of an answer, denying a positive allegation of the bill.

The seventh is a repetition of the filth, relying on the statutes of limitation.

Affirm decree, confirm report and remand for further proceedings.