JANUARY 18, 1805.

# John Grant and Bartlett Graves *v.* Jos. Boyd.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Campbell county.*

Where land has been taken in execution and the execution returned without a sale, or relinquishment of the levy, the issual of a second execution while the first' levy stands undisposed of, and all proceedings thereon, are illegal.

It appears that Boyd, who was plaintiff in the court below, took out an execution on a judgment in his favor, which was to be discharged by the payment of £255, with interest thereon, at the rate of five per cent. per annum, from October 1, 1798, until paid, and $7.5 costs. On this execution payments were endorsed for £68 4, made December 14, 1799; and that by virtue of this execution, two of Grant's negroes were seized, and restored to him on his entering into a forthcoming bond with Bartlett Graves, his security, dated February 5, 1800, which was forfeited. But the sheriff who took the bond erred in not regarding the payments which were endorsed on the execution and also by taking the bond for £1 16 1 commissions more than the law allowed him. It also appears that Boyd erred in not causing to be endorsed on this execution a further credit for £30, paid by Grant in December, 1799, say the 18th day, which, if he had done, the excess in stating the costs in the forthcoming bond would have been £2 8 2, and the amount of debt, interest, and costs, would then only have been £181 18 11. So that it is the opinion of this court, that the forthcoming bond, and the first execution which issued thereon, ought to be corrected accordingly, by endorsements made on each of them; and also that the last mentioned execution ought to have credits endorsed on it for £91 and £8 14, paid by Grant in August, 1800, say the 15th, unless the day can be more precisely ascertained by receipt or receipts therefor. Moreover, it appears that the said last mentioned execution was levied on a tract of land, and that the sale thereof stopped by Boyd, and that afterward a third execution was issued, which this court is of opinion was illegal, inas-

much as a *venditioni exponas* to sell the land was the only proper process, until it was found that the whole of the money could not be raised from its sale. Wherefore, it is considered by this court, that the suit be remanded to the circuit court for the said county of Campbell, that the said Boyd, after making endorsements conformably to the foregoing opinion, may issue a *venditioni exponas*, to authorize a sale of the said land, to raise the balance of the money and costs which shall be due to him. And it is further considered, that the said Boyd do pay unto the said Grant and Graves their costs in this behalf expended, which is ordered to be certified to the said circuit court.