HUBBLE *v.* MORRISTOWN LAND CO.

(*Knoxville.* November 12, 1895.)

1. USURY. *Governed by law of place of delivery and performance of contract.*

A note secured by mortgage on Tennessee land, for a loan negotiated in Connecticut, executed in North Carolina, but delivered and made payable in New Jersey, is, in the absence of any different understanding between the parties, governed by the laws of New Jersey in respect to usury. (*Post, pp. 586–590.*)

Case cited and approved: 142 U. S., 101.

2. SAME. *Presumption as to statutes of other States.*

Statutes inflicting penalties and forfeitures for usury will not be presumed, without proof, to be the same in other States as in this State. (*Post, pp. 590, 591.*)

Cases cited and distinguished: Bagwell *v.* McTigh, 85 Tenn., 618; Senter *v.* Bowman. 5 Heis., 14; Richardson *v.* Brown, 1 Leg. Rep., 350.

3. SAME. *Does not avoid entire note, when.*

Although a note bears a rate of interest that is usurious in this State, and in the State where it was delivered and is payable, and by whose laws it is governed in this respect, it may be enforced, less the excessive interest, in the Courts of this State, because the usury does not appear upon its face, but only by proof of the laws of the other State with respect to usury. (*Post, p. 591.*)

FROM HAMBLEN.

Appeal from Chancery Court of Hamblen County. JNO. P. SMITH, Ch.

CHARLES SEYMOUR for Hubble.

S. F. POWELL for Morristown Land Co.

McALISTER, J. ,The original bill in this cause was filed in the Chancery Court of Hamblen County for the purpose of foreclosing a mortgage executed by the defendant company to secure a note for the sum of $2,500 for money borrowed by it from complainants. The defendant company is a domestic corporation, chartered by the laws of the State of Tennessee, with its principal place of business at Morristown.·

In October, 1888, James S. Churchhill, secretary and treasurer of said · corporation, negotiated a loan of $2,500 for and on behalf of his company, and with its authority, from Mrs. Geo. W. Hubble, who was at that time temporarily· sojourning at Greenwich, in the State of Connecticut. The permanent abode of Mrs. Hubble was at Newark, in the State of New Jersey. Churchhill, as security for this loan, agreed that his company, the Morristown Land & Improvement Company, would execute a mortgage on certain tracts of land situated in Hamblen County, Tennessee. The money was to be paid upon the arrival of the proper papers at Newark, New Jersey. Churchhill thereupon returned to his home at Asheville, North Carolina,. where he and John H. Barnard, president of the company, both resided. The note and deed of trust for the security of the loan were executed by Barnard, president, and Churchhill,

secretary of the company, at Asheville, and were forwarded to Mrs. Hubble, at Newark, New Jersey. Said note is set out in the record in words and figures as follows, to wit:

"$2,500.                DECEMBER 3, 1888.

"One year from date the Morristown Land & Improvement Company promises to pay to Mrs. C. G. Hubble, or her order, at the National Bank of Newark, New Jersey, the sum of twenty-five hundred dollars ($2,500), with interest from date until paid, at the rate of seven per centum per annum, payable semiannually.

             "JOHN H. BARNARD, *President,*
                "*Morristown Land & Improvement Co.*

             "J. B. CHURCHHILL, *Secretary,*
                "*Morristown Land & Improvement Co.*"

The record discloses that, upon the maturity of this note, default was made in its payment, whereupon the present bill was filed for the foreclosure of the trust-deed and the collection of the debt. It will be perceived that the transaction in question presents the anomaly of having figured to some extent in four different States. The loan was originally negotiated at Greenwich, in the State of Connecticut, where Mrs. Hubble was summering. The note evidencing the loan was drawn in North Carolina, it was made payable in New Jersey, the domicile of Mrs. Hubble, while the borrowing corporation and the land mortgaged were situated in Tennessee. The legal question arising upon these facts is in

respect of the law that shall govern in the enforce-
ment of the contract.    If the contract is to be de-
termined either by the law of Tennessee or that of
New Jersey, it is conceded that it is usurious, while
the law of North Carolina as well as that of Con-
necticut, recognize the validity of such a contract.
The Chancellor was of opinion that the contract was,
in legal contemplation, made and was to be performed,
in the State of New Jersey, and that, by the laws
of that State, a note bearing interest at the rate of
seven per cent. per annum was usurious and nonen-
forcible.    Complainants were denied any relief, and
their bill was dismissed.    The cause was appealed
to this Court, and, by assignment, was heard by
the Court of Chancery Appeals.    That Court de-
cided that the rights of the parties are determinable
by the law of Connecticut, where such a rate of
interest is allowed.   Complainants were given a de-
cree for the amount of the note, with seven per
cent. interest until its maturity and six per cent.
interest after maturity, to be satisfied by a fore-
closure of the trust-deed.    The Court of Chancery
Appeals found that ''it· was intended by both par-
ties that this should be a legal contract, and that
no thought or intent existed, in connection with its
execution, of violating or evading any law of any
State.''

It is well settled that everything relating to the
remedy is determined by the law of the forum, the
place where the action is brought.    The sufficiency

of pleadings, the admissibility of evidence, statutes of limitation, etc., are all matters appertaining to the remedy, and are governed. by the law of the forum, but the validity of the contract, the obligation of the parties, its character and extent, are to be settled by the law of the place where the contract was made or is to be performed.

In determining the enforcibility of this contract, the Court of Chancery Appeals adjudged that the law of Connecticut is controlling, for the reason that the original loan was negotiated in that State while Mrs. Hubble was temporarily there. It will be observed, however, that the note and mortgage were delivered and the contract consummated in the State of New Jersey, where Mrs. Hubble was domiciled.

Says Mr. Tiedeman, in his work on Commercial Paper, Sec. 506: "It is not the law of the place where the contract was signed or executed, but the law of place where the contract was consummated, by delivery or otherwise, which governs the construction of the contract. If the contract is made in one place and it is agreed to be performed in another place, the law of the place of performance, instead of the law *loci contractus*, will govern the contract."

"The law of the place where performance is to occur governs in respect to the validity and performance of contracts made in one State but to be performed in another. Thus, notes drawn in one

State, and delivered and payable in another, for purchases made there, are governed by the law of the latter State, and are considered there made, for by delivery only the act of making is fully consummated." Rorer on Interstate Law, 67.

"It is a principle universally recognized that, in every forum a contract is governed by the law with a view to which it was made." Coghlan v. S. C. Railway Co., 142 U. S., 101. "But where there is nothing to show that the parties had in view, in respect to the execution of the contract, any other law than the law of the place of performance, that law must determine the rights of the parties." Hall v. Cordell, 142 U. S., 116.

As already observed, this note is payable, on its face, in the State of New Jersey, and the Court of Chancery Appeals does not find that, by any understanding between the parties, the execution and performance of the contract were to be governed by any other law than the law of the place of payment as fixed by the note. It follows that the validity of this contract must be determined by the law governing such contracts prevailing in the State of New Jersey. That law must be proved, since there is no presumption that the statutes of other States respecting penalties and forfeitures are similar to our own. The principle settled in Bagwell v. McTighe, 85 Tenn., 618, that, in the absence of proof to the contrary, this Court will presume that the statutes of a sister State are the same as those

Hubble *v.* Morristown Land Co.

of this State, has no application to statutes prescribing penalties or forfeitures. We cannot, therefore, presume that this contract is usurious and void by the laws of New Jersey. That fact must be made to appear by proof, and such fact has been established by the testimony in this case. But, it requiring proof to establish the usurious contract under the laws of New Jersey, it follows, under our own decisions in such cases, that the note is not avoided, but only the usury. *Richardson* v. *Brown*, 1 Tenn. Leg. Rep., 350; *Senter & Co.* v. *Bowman*, 5 Heis., 14.

If this were a Tennessee contract, the usury appearing on the face of the note would avoid the whole contract (*Wallace* v. *Goodlett*, 93 Tenn.), but, it being a New Jersey contract, and thereby necessitating proof *aliunde* the contract to show the usury, the contract is only avoided to the extent of the usury. Our conclusion is that the decree of the Court of Chancery Appeals in adjudging this a Connecticut contract and allowing seven per cent. interest upon the note, was erroneous. In our opinion, it was a New Jersey contract, and the complainant is entitled to recover only six per cent., the excess being avoided by proof of usury. The complainant is entitled to a foreclosure of his mortgage for the enforcement of his recovery.

Modified and affirmed.