ERKMAN v. CARNES.

(*Jackson.* May 14, 1898.)

1. SUMMARY PROCEEDINGS. *Obtain, when.*

Summary proceedings are in derogation of common law, and obtain only when authorized by statute strictly construed.

Cases cited and approved: Powell v. Fowlkes, 5 Bax., 649; Williamson v. Burge, 7 Heis., 119; Voorheis v. Dickson, 1 Sneed, 348; Wingfield v. Crosby, 5 Cold., 241.

2. SAME. *Does not lie for default of officer, when.*

A summary proceeding by mere motion is not an admissible remedy for the default of an officer in failing to execute and make due return of an attachment writ issued by a Justice of the Peace.

Code construed: § 5979 (S.); § 4942 (M. & V.); § 4167 (T. & S.).

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

W. A. DUNCAN for Erkman.

TURLEY & WRIGHT for Carnes.

WILKES, J. The only question presented by the record is whether an officer is liable, on motion or

Erkman v. Carnes.

in a summary proceeding, where he fails to execute and make due return of an attachment writ issued by a Justice of the Peace. Summary proceedings, being in derogation of the common law, only exist when authorized by statute, and such statutes musc be strictly construed. *Powell* v. *Fowlkes*, 5 Bax., 649; *Williamson* v. *Burge*, 7 Heis., 119; *Voorheis* v. *Dickens*, 1 Sneed, 348; *Wingfield* v. *Crosby*, 5 Cold., 241. There is no statute giving authority for a summary proceeding in a case like the present, and the party aggrieved can only resort to his suit or action at law, and is not entitled to a motion, which is a cumulative remedy. The grounds for summary proceedings before Justices of the Peace are set out in the statute (Shannon, § 5979, subsecs. 1, 2, 3, 4), all of which relate to defaults made in regard to executions. Section 5368 provides a penalty for failing to execute and make return of any process, but, by the express words of the statute, it is confined to process issued from a Court of record, which a Justice's Court is not.

We are of opinion the judgment of the trial Judge, in dismissing the action for want of jurisdiction in the Justice of the Peace to entertain a summary proceeding under the facts, is correct, and it is affirmed, with costs.