EDGINGTON *v.* EDGINGTON *et al.*

(*Nashville*, December Term, 1941.)

Opinion filed June 2, 1942.

Rehearing denied June 27, 1942.

84

NELSON, MITCHELL & NORVELL, and GRAHAM MOORE, all of Memphis, for appellant.

ERNEST WILLIAMS, of Memphis, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This attachment bill, filed November 10, 1941, seeks a decree upon the following note:

"Detroit Mich. June 11, 1928

"$861.$\dfrac{05}{100}$

"On demand after date for value received I promise to pay to the order of Jesse Edgington

"Eight Hundred & Sixty one & $\dfrac{05}{100}$

at 126 Court Avenue, Memphis, Tenn. Room 303 with interest at the rate of 6 per cent per annum and if not paid at maturity and collected by an attorney or by legal proceedings, an additional sum of ten per cent on the amount of this note as attorneys fees.

"I. H. Edgington" (Signed)

The note was delivered to the payee in Memphis, in which city it was made payable; hence the validity of the note must be determined by the laws of Tennessee. *Hubble* v. *Morristown Land & Improvement Co.*, 95 Tenn., 585, 32 S. W., 965; *First National Bank of Geneva, Ohio,* v. *Shaw,* 109 Tenn., 237, 70 S. W., 807, 59 L. R. A., 498, 97 Am. St. Rep., 840.

It was alleged in the bill, and subsequently proven, that the maker of the note was a resident of Michigan when he executed same and continued his residence in that state until his death in April, 1938; and complainant, in anticipation of a plea of the statute of limitations of six years, invoked section 3 of Chapter 10, Acts of 1865, Code section 8581, which is as follows: "If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action."

The maker of and the payee in the note were brothers, the former being a resident of Detroit and the latter a resident of Memphis, where he died testate on April 7, 1932. By his will he gave all of his property to his wife, complainant Lucille Edgington. I. H. or Irving Edgington died intestate, survived by his wife, Ruth Edgington, and one son, Baxter Edgington, residents of Detroit and defendants herein.

Thomas B. Edgington, father of Jesse and Irving Edgington, died testate about the first of January, 1929, and by his will devised to his son Irving a one-fifth interest in a 35-acre tract of land situated southeast of the City of Memphis. The defendants were brought before the court by attaching their interest in this tract of land and by publication in The Daily News.

The defendants filed a plea in abatement which raises the primary question for decision, and from which we quote the following:

". . . that at the time of the execution of the note sued on in this cause the said Irving Edgington was a citizen and resident of Detroit, Michigan, and that the said Irving Edgington continued his residence uninterruptedly in the City of Detroit and State of Michigan from the date of the death of his father, Thomas B. Edgington in 1929 and from the date of the probate of said will January 11, 1929, until the date of his death in April, 1938; that from January 11, 1929, the date of the probate of the will of Thomas B. Edgington, action by attachment could have been brought to subject said real estate to the payment of said note, if said note were a valid and subsisting obligation of the said Irving Edgington, and this remedy was complete and unaffected by the non-residence of the said Irving Edgington and is not, therefore, within the purpose of Section 8581 of the Code of Tennessee.

"The defendants, Mrs. Ruth Edgington and Baxter Edgington therefore say that the complainant's cause of action and particularly the right of attachment, if any, accrued more than six years before said bill was filed and that no new promise to pay said debt sued on was made within six years next before the filing of said bill."

The allegations of the plea are sustained by the stipulated facts.

The chancellor sustained the plea in abatement and dismissed the bill, and from his decree the complainant has appealed and assigned the action of the chancellor for error.

In sustaining the plea in abatement the chancellor committed error, since by virtue of section 8581 of the Code the suit was not barred by the six-year statute of limitations.

This question is very fully and ably dealt with by this court, speaking through Judge NEIL, in *Boro* v. *Hidell,* 122 Tenn., 80, 120 S. W., 961, 963, 135 Am. St. Rep., 857. With respect to the proper interpretation of the foregoing statute, the opinion in that case recites: ''It is insisted that the terms of this statute are broad and general, and that no exception thereto can be made by the court. We are referred by complainant's counsel, in the very able brief filed, to numerous cases from other states having similar statutes, in which it has been held by the great majority of them in accordance with the contention just stated. On the other hand, it is insisted by defendant's counsel that the decisions of this court bearing upon the question hold that where the action may be prosecuted without the necessity of personal service upon the defendant, and full relief granted, the statute quoted does not apply.''

We wish to emphasize the fact that it is only in those cases where the action may be prosecuted without the necessity of personal service upon the defendants, and full relief granted, that the statute does not apply.

In that particular case the bill sought to set aside a conveyance of a local tract of land for fraud, in which, necessarily, full relief could be granted. The opinion then refers to the leading case of *Taylor* v. *McGill,* 74 Tenn. (6 Lea), 294, another case involving the fraudulent disposition or acquisition of land, and also to the case of *Turcott* v. *Yazoo & M. V. Railroad Co.,* 101 Tenn., 102, 45 S. W., 1067, 40 L. R. A., 768, 70 Am. St. Rep., 661, where to avoid the one-year statute in a personal injury case the involved statute was invoked, but the court met this contention by saying that during the entire year the company had a local office and an agent in Shelby

County where complete relief could have been had. In the opinion in *Boro* v. *Hidell* it was further stated:

"A distinction is to be taken between a suit by attachment and one of the kind we have now before the court, or one such as was the subject of the opinion in *Taylor* v. *McGill*, because, in attachment cases, complete relief cannot be given, inasmuch as, if any balance be due upon the debt after the exhaustion of the property attached, there can be no personal judgment rendered therefor, while in the kind of case we now have before us there is no necessity for personal judgment. However, the case of *Carlin* v. *Wallace* [81 Tenn. (13 Lea), 571], was, in effect, overruled in an oral opinion delivered in a recent case at Knoxville. *Templeton* v. *British Association.*

"In the kind of case we now have before us, complete relief could be given without personal service of process. It is a real action brought in the county where the land lies, and the parties interested may be made parties to the suit by publication. *Ray* v. *Haag*, 1 Tenn. Ch. App., 249.

"It has been the constant practice in this state to proceed in real actions in the manner stated, when no personal service could be had upon the persons against whom the relief was sought. To hold differently now would probably shake many titles. The doctrine of *Taylor* v. *McGill* has become a rule of property."

From the foregoing it appears, for a good reason, that the rule does not apply in an attachment case, such as that we are now considering, and we are not disposed to extend it further than was done in those cases.

Counsel for defendants relies upon *Rowsey* v. *Burkhead*, 3 Tenn. Civ. App. (3 Higgins), 361. In that case, however, it clearly appeared that the defendant had been absent from the state since the note sued on

was executed but had entered his personal appearance in the case. In view of these facts the court said: "It results, the defendant having unquestionably entered his appearance under, all the authorities, and therefore being liable to personal judgment, and the bill expressly praying for that exact measure of relief, that the Chancellor was in error in wholly dismissing the bill, it having alleged facts that prevented the statute's barring a personal judgment."

Counsel for complainant presented an amended or supplemental bill in which the court was asked to appoint an administrator *ad litem* to represent the estate of Irving Edgington, which motion was disallowed. In the view taken by the chancellor as to the question raised by the plea in abatement the appointment of an administrator *ad litem* was wholly unnecessary. Since the decree of the chancellor must be reversed and the cause remanded, he should appoint an administrator *ad litem*. It is insisted that this court cannot consider that matter for the reason that the amendment to the bill was never filed and is not copied into the transcript. Counsel concede that the amendment was presented to the chancellor and that he acted upon same, and his decree so recites. We are unable to see the necessity for the amendment since the prayer of the original bill expressly asks that an administrator *ad litem* be appointed, and no good reason occurs to us as to why such relief could not be granted under the prayer for general relief. If such amendment was necessary under the circumstances, we would not hesitate to remand it in order that it be supplied, section 9054 of the Code authorizing such a procedure.

ON PETITION TO REHEAR.

■ The court's attention is called to the fact that the record fails to support our statement that the note sued on herein was delivered to the payee in Memphis. That is immaterial. It was executed in Detroit, Michigan, by a resident of that city, payable to the brother of the maker who was a resident of Memphis, the note providing on its face that it was payable "at 126 Court Avenue, Memphis, Tenn."

■ In 10 C. J. S., Bills and Notes, sec. 49, it is said: "Where a bill or note is executed in one state or country and made payable in another, it will be presumed that the parties contracted with reference to the law of the place of payment, and the law governing will be the law of that place, the *lex loci solutionis*, without regard to the place where it was written, signed, or dated, or delivered. This rule, however, yields to a contrary intent of the parties, and where it clearly appears that the parties intended the contract should be governed by the law of the place where it was made or the law of some other place, or where the parties elect or stipulate that the law of another state or country shall govern, such law governs."

In *Hubble* v. *Morristown Land & Improvement Co.*, 95 Tenn., 585, 589, 32 S. W., 965, 966, this court quoted approvingly from Tiedeman on Commercial Paper as follows: "If the contract is made in one place, and it is agreed to be performed in another place, the law of the place of performance, instead of the *lex loci contractus*, will govern the contract."

In that case this court also quoted approvingly the following statement in the opinion of the Supreme Court of the United States in *Hall* v. *Cordell*, 142 U. S., 116, 12

S. Ct., 154, 35 L. Ed., 956, as follows: "But where there is nothing to show that the parties had in view, in respect to the execution of the contract, any other law than the law of the place of performance, that law must determine the rights of the parties."

We have been referred to no authority in conflict with those cited above.

There is no merit in the petition to rehear and it is, therefore, denied.