**William Adlai BLOOM,
Plaintiff–Appellant,**

v.

**Kimber Lea BLOOM,
Defendant–Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 2, 1988.

William L. Aldred, Jr., Clarksville, for plaintiff-appellant.

Frank J. Runyon, Clarksville, for defendant-appellee.

## OPINION

FRANKS, Judge.

In this custody dispute this court, in a previous appeal, directed the trial judge to determine "which of the parents should have primary custody of the children" while rejecting the "alternate periods of custody" which the trial judge had established.

On December 18, 1987, the trial judge entered an order vesting custody of the parties' two children with the mother with "reasonable visitation" to the father. Additionally, the trial court established support payable by the father at $250.00 per month, per child, forgave certain arrearage in child support payments on the basis that had the mother complied with the court's orders the father would have had physical custody of the child "for longer than she" and the father had incurred legal and other expenses in an effort to enforce the court's orders.

■ Both parties have appealed and the father insists he should have the custody of the two children. The father has remarried and resides in Kansas City, where he owns and operates a Midas Muffler Shop. The father and his wife reside in a three-bedroom apartment with his wife's two children by a prior marriage; the wife works in the family's business and the children would be either in school or day care while the wife is away from the home.

The mother is living in Ohio with the children, William, born November 9, 1981, and Samantha, born January 3, 1983, and has remarried. She resides near a farm owned by her parents who operate an equestrian school for children. The children frequently utilize the facilities of the farm.

The respective parties have presented evidence which militates against the fitness of the other as a parent; however, the trial judge seems to have discounted this evidence and concluded both were proper and fit parents but placed the primary care and custody with the mother. The evidence does not preponderate against the trial court's conclusion that this placement is in the best interest of the children. T.R.A.P., Rule 13(d).

■ It is contended the award of child support is excessive; however, the evidence establishes plaintiff was receiving an annual salary from his business of $25,000.00 with excess earnings being reinvested in the business. We believe the award of child support was proper under the circumstances.

In setting summer visitations with the father, the court established 45 days for the summer of 1989 and 60 days beginning in the summer of 1990. On the basis of this record, we find no reason to interfere with this order.

■ Finally, it is argued that the trial court was without authority *sua sponte* to expressly forgive child support arrearage. At the time of the forgiveness of the past due child support T.C.A., § 36–5–101(a)(5) read:

Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Further, such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

Both parties' reliance on *Hoyle v. Wilson,* 746 S.W.2d 665 (Tenn.1988), for resolution of this issue is misplaced. While the Supreme Court upheld the power of a trial court to forgive arrearages of ordered child support, the court in its opinion on petition to rehear observed: "This statute was not applicable to the situation in *Hoyle v. Wilson* and we decline to issue an advisory opinion on the proper construction of the amendment until the issue of its application is squarely presented in another case." *Id.,* at 677.

The statute clearly renders orders for child support judgments "entitled to be enforced as any other judgment of a court of this state" and removes the power of modification from the courts for any amounts due prior to the date an action for modification is filed. Judgments of this nature are subject to the defenses applicable to judgments generally. However, the reasons advanced for forgiving the arrearage by the trial court are not only punitive against the mother for her conduct but the children as well and do not establish an equitable basis to alter the amount of judgment. The additional judgment should be for those months the mother was "entitled to custody of the children."[1] The trial court is directed to compute from its orders the months the mother was entitled to custody and enter judgment for that amount, this being the extent of the judgment based on

---

1. The "Final Decree" provides: "The plaintiff, WILLIAM A. BLOOM, shall continue to pay child support to the Defendant, KIMBER LEA BLOOM, in the amount of three hundred ($300.00) dollars per child, per month during such times or [sic] she is entitled to custody of the children of the parties, pursuant to the terms of this Order."

the "order[s] for child support" previously entered.

The remaining issues are found to be without merit and the judgment of the trial court is affirmed as modified. The cause is remanded, with costs incident to the appeal assessed to William Adlai Bloom.

TODD, P.J., and WILLIAM H. INMAN, Special Judge, concur.

Judgment against surety reversed and cause remanded.