# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

|                        |   |                        |
|------------------------|---|------------------------|
|                        | ) | BLEDSOE CHANCERY       |
|                        | ) |                        |
| IN RE: ESTATE OF       | ) | NO. 03A01-9707-CH-00252 |
|                        | ) |                        |
| JAMES C. MEADER, DECEASED | ) | HON. G. RICHARD JOHNSON |
|                        | ) | CHANCELLOR             |
|                        | ) |                        |
|                        | ) |                        |
|                        | ) | AFFIRMED               |

## O P I N I O N

INMAN, Senior Judge

## I

The decedent, James C. Meader, died testate in Bledsoe County, Tennessee on May 23, 1995. His will was duly propounded for probate and letters testamentary were issued to his widow, Virginia Meader.

In 1966, the decedent and his first wife were divorced in Milwaukee County, Wisconsin. Custody of five (5) children was awarded to their mother; the decedent was ordered to pay $45.00 per week child support.

He paid nothing. In Wisconsin the age of majority is 19, and the children attained majority in 1970, 1971, 1972, 1974 and 1977, respectively. The decedent having defaulted in his natural and legal obligation to support his children, the State of Wisconsin and the County of Milwaukee stepped in and provided partial support for the children until each attained majority. The State of Wisconsin filed a claim against the estate of the decedent to recover $47,728.86 paid to the mother in the form of aid to dependent children; the mother, Joyce Bunnell, one of the appellants, filed a claim for $32,590.04 for support arrearages, and the County of Milwaukee filed a modest claim for

$320.00 to recover certain fees.

To each of these claims the executrix filed exceptions, pleading the statute of limitations of ten (10) years [T.C.A. § 28-3-110(2)]. The trial court sustained the exceptions, holding that the claims were barred by the affirmative defense of the statute of limitations of ten years.

## II

So far as we know, all civil actions in this jurisdiction are subject to a statute of limitations. T.C.A. § 28-3-110 provides that 'actions or judgments and decrees of courts of record of this or any other state or government' shall be commenced within ten (10) years after the cause of action has accrued.

In the light most favorable to the appellants, their actions accrued in 1977 when the legal duty of the father to provide support for his children ended. If the statute of limitations of ten (10) years is applicable, it is conceded that the claims are barred, since they were filed in 1996.

T.C.A. § 36-5-613(c) provides:

> (c) The Court shall apply the statute of limitations for maintaining an action on arrearages of support payments of either the local law of this State or of the State which issued the support order . . . whichever is longer.

The Wisconsin statute of limitations is not revealed in the record, requiring the presumption that it is identical to the Tennessee statute,[1] which, as stated, provides that actions on judgments and decrees of courts of record of this or any other State or government shall be commenced within ten (10) years after the cause of action accrued.

This Court has ruled in a number of cases that the statute of limitations

---

[1] *Bagwell v. McTighe,* 85 Tenn. 616, 4 S.W. 46 (Tenn. 1887); *Kempe v. Bader,* 86 Tenn. 189, 6 S.W. 126 (Tenn. 1887); *Hubble v. Morristown Land & Imp. Co.,* 95 Tenn. 585, 32 S.W. 965 (Tenn. 1895).

does not apply in actions to enforce judgments wherein the defaulting parent sought to avoid payment of only that portion of the judgment which accrued more than ten years before the action was brought, e.g., *Sandidge v. Brown,* No. 03A01-9104-CV-00142 (Tenn. App. 1991), and cases therein cited. The rationale of these cases is that the obligation of support for minor children is a continuing one and that the right of the child to be supported cannot be defeated by the dereliction of the custodial parent in enforcing a decree of support.

But the obligation of support in Wisconsin terminates when the child reaches 19, the age of majority, subject to exceptions not here relevant, or, in the language of the cases, the obligation then ceases to be a continuing one, and the delimiting period of ten (10) years begins to run.

The arrearages were not reduced to 'judgment.' For this reason, according to the appellants, the statute of limitations is not applicable, since no judgment was entered to trigger its commencement.

In 1987 the Tennessee Legislature amended T.C.A. § 36-5-101 to provide that "any order for child support shall be a judgment to be enforced as any other judgment . . . ." This amendment guaranteed the enforceability of child support payments. See, generally, 42 U.S.C. § 666; *Rutledge v. Barrett,* 802 S.W.2d 604 (Tenn. 1991). It also eliminated any *equitable* defense of laches, waiver or estoppel. *Rutledge* did not address the issue of the statute of limitations.

We think that, absent a clear legislative mandate, child support judgments are subject to the defense of the statute of limitations as is "any other judgment." We are not in the least reluctant to express the view that, in the field of civil law, child support payments and judgments rendered therefor should never be barred by a delimiting statute. This parental obligation is both natural and legal and should remain enforceable against the estate of the

3

obligor.  But given the current status of the applicable statutory and decisional law, ["Judgments (for child support) are subject to the defenses applicable to judgments generally, *Bloom v. Bloom* 769 S.W.2d 491 (Tenn. App. 1988)"], we hold that in the case at Bar the plaintiffs' 'causes of action' arose more than ten years before their causes were filed.  We are thus in agreement with the trial court, and the judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge