## KEMPE *v.* BADER.

### (*Nashville.*    December 13th, 1887.)

1. STATUTE OF LIMITATIONS.   *Of another State.   Code, § 3480 (M. & V.), construed.*

    A suit brought in this State upon a cause of action accruing in, and between citizens of, another State cannot be defeated by a plea of the statute of limitations of that State, unless the bar of the statute became complete during the debtor's residence in such State.
    Code cited: § 3480 (M. & V.) ; § 2783 (T. & S.)
    (See Bagwell *v.* McTighe, 85 Tenn., 616.)

2. SAME.   *Suspension.   Debtor's temporary absence from State.   Code, § 3458 (M. & V.), construed.*

    *Temporary* absence of a resident debtor from this State, after a cause of action has accrued against him, suspends, during its continuance, the running of the statutes of limitation in his favor under § 3458 (M. & V.) Code.
    Code cited: § 3458 (M. & V.) ; § 2762*b* (T. & S.)
    Case cited and approved: Carlin *v.* Wallace, 13 Lea, 571.

3. SAME.   *Same.   Suspending act applies to non-residents.*

    The statute of this State (Code (M. & V.), § 3458), providing for suspension of the running of our statutes of limitation during the debtor's absence from, or residence out of, the State, after the right of action has accrued against him, applies to causes of action accruing in, and between citizens of, another State when sued on in the Courts of this State.
    Code cited: § 3458 (M. & V.) ; § 2762*b* (T. & S.)
    Cases cited and approved: Ridge *v.* Cowley, 6 Lea, 166 ; Carlin *v.* Wallace, 13 Lea, 571 ; 3 Johns. Rep., 263 ; 12 Nebraska, 471.
    Cited and overruled: Barbour *v.* Erwin, 14 Lea, 721.

---

### FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County.   FRANK T. REID, J.

Kempe *v.* Bader.

PILCHER & WEAVER for KEMPE.

JOHN RUHM and T. A. KERCHEVAL for Bader.

LURTON, J.   This is an action at law for the collection of two notes made in the State of Missouri, both payor and payee being residents of that State at inception of the contract and for several years thereafter.   The payor, Bader, is now a resident of this State, while the payee, Kempe, is still a resident of Missouri.   The first note is dated February 21st, 1872, and is payable one day after date.   The second is dated June 23d, 1875, and is payable six months after date.   The defendant pleads in bar of the action the statute of Missouri of ten years and the statute of Tennessee of six years.   The judgment below was in favor of defendant, and plaintiff appealed.

First, does the statute of Missouri bar an action in this State?   The well-settled rule of law is that debts not limited in respect to place of payment have no *locus*, but accompany the creditor everywhere, and authorize a demand upon the debtor wherever he may be found.   It is equally familiar law that limitation and prescription are applied only according to the law of the *forum*, and the limitation imposed by the law of the place of contract will not interpose a bar to a suit within another jurisdiction, unless by legislative enactment the courts are required to give effect to the foreign bar. This State is one of the few which have provided

for a defense arising under the limitation laws of other States. By Section 3480, new Code, it is provided: " Where the statute of limitations of another State or government has created a bar to an action upon a cause accruing therein whilst the party to be charged was a resident in such State or under such government, the bar is equally effectual in this State." Does the defendant bring himself within the protection of this section? The proof shows that he left the State of Missouri in 1877 and came to this State, and that he has not resided in that State since that date. When he left the State of Missouri, the statute of that State had not, in the language of our Code, "created a bar" upon a "cause accruing therein whilst the party to be charged was a resident of such State." This is the plain meaning of our statute, and hence the limitation applicable under the law of Missouri is not available to him here, the "bar" which he relies upon not having been created whilst he was a resident of that State.

The next question is as to whether the Tennessee statute of six years has barred this suit. The notes have been due more than six years, and, *prima facie*, this defense is good. But to this the plaintiff replies Section 3458, new Code, which saves the bar in certain cases. This Section is from the Act of 1865, and is as follows:

"If at any time any cause of action shall accrue against any person who shall be out of this State, the action may be commenced within the

time limited therefor after such person shall have
come into the State; and, after any cause of action
shall have accrued, if the person against whom it
has accrued shall be absent from or reside out of
the State, the time of his absence or residence out
of the State shall not be taken as any part of the
time limited for the commencement of. the action."

The defendant, after his removal to this State,
is shown to have been *absent* from the State from
July, 1878, to November, 1879. This absence,
though intended to be but a temporary absence
and with intent to return, is nevertheless an *ab-
sence* from the State within the meaning of the
latter clause of this section.

But it is very earnestly insisted that neither
clause of this section is applicable, inasmuch as
both parties were non-residents at the time the
right of action accrued, and that the plaintiff still
is a non-resident. Conflicting constructions have
been put upon this act, and we are called upon
to determine which is the true one. Defendant
relies upon the case of *Barbour* v. *Erwin*, 14 Lea,
721, as sustaining his contention, while the plaintiff
relies upon the earlier cases of *Ridge* v. *Cowley*,
6 Lea, 166, and *Carlin* v. *Wallace*, 13 Lea, 571.
The latest opinion, that of *Barbour* v. *Erwin*, in
no way refers to either of the earlier cases, and
we cannot think it was intended to overrule them.
Deaderick, C. J., in delivering the opinion in the
case last referred to, said, concerning the construc-
tion of the section under consideration:

Kempe *v.* Bader.

"We think that section was intended to apply to citizens of the State who have left the State temporarily, and not to persons who had never been citizens or residents therein. Otherwise, Section 3480, which declares an action barred in another State shall be barred here, would be nugatory, and, upon the construction contended for, a creditor might live beside his debtor for twenty years with an account or note upon him, and if the latter visited this State he might be sued and recovery had, although in their own State the claim might be more than thrice barred."

This apprehended conflict, by which Section 3480 is to be destroyed, does not, in our judgment, exist. The case he puts could not occur unless the defendant failed to rely upon the bar created in the State of his residence as a defense. If he should plead such bar, it would be no answer to rely upon the section now under consideration. There is no necessary conflict whatever. If such a bar had accrued in the State where the right of action accrued, and whilst the defendant was a resident of such State, it would be a complete defense; but if no such bar had been created while such resident, then he can alone rely upon the local prescription, and the effectiveness of that will depend upon the length of his residence in this State. While the case of *Barbour* v. *Erwin* differed in its facts from the two earlier cases, in that the plaintiff as well as the defendant was a non-resident at the time the right of action ac-

crued, while in the other cases the plaintiff was a resident, yet in none of the cases is any weight attached to the fact of the residence of the plaintiff. In the earlier cases, as well as in the last case, the principal thing considered was as to the residence of the defendant.

In the case of *Carlin* v. *Wallace*, Judge Turney, speaking for a unanimous Court as to the meaning of this section, said: "The terms are broad and comprehensive, and embrace those persons who are temporarily absent as well as those who are non-residents, and make no difference between those who are non-residents of the State by removal therefrom and those who have always been so."

Judge Cooper, in delivering the opinion of the Court in the earliest case construing this statute, said: "The language of the section, taken literally, would apply to any person against whom a right of action might accrue, without reference to his residence or citizenship when the contract was entered into." 6 Lea, 166.

Is there any reason which would limit the scope of this act to contracts with residents of this State, which would not equally apply to limit its scope and effect to defendants temporarily removed? We think not. There is as little reference in the act to the residence of the plaintiff as there is to the residence of the defendant. The act, upon its face, applies to "any cause of action," without regard to where it arose or to where the *residence* of either plaintiff or defendant was at the time the contract

was made or right of action accrued. To construe the act as limited to contracts with residents of this State would be a strained and narrow construction. It would require us to add to the broad scope of the act applying to "any cause of action" the limiting words "in favor of one resident in this State at time action accrued," or "at time action brought." Which would be the more reasonable limitation it is hard to say.

If the action was not barred by the law of the place of the contract or residence of defendant, we see no reason, in justice or policy, why we shall so construe this act as to limit this saving of the statute to our own citizens, the Legislature having declared no such purpose. This construction, while in accord with what we regard as the plain and obvious meaning of the section, is likewise in accord with the construction of similar acts by the courts of other States. In a well-considered case arising in New York under a statute which saved the operation of the statute "if the party shall be out of the State" at the time the cause of action arose and "until *after the return*" of the defendant, Justice Kent held that it applied to all persons, resident or non-resident, plaintiffs and defendants. He said concerning the residence of the defendant:

"Whether the defendant be a resident of this State, and only absent for a time, or whether he resides altogether out of the State, is immaterial. He is equally within the proviso. If the cause of action arose out of the State, it is sufficient to

save the statute from running in favor of the party to be charged until he comes within our jurisdiction. This has been the uniform construction of the English statutes, which also speak. of the *return* from beyond seas of the party so absent. The word "return" has never been construed to confine the proviso to Englishmen who went abroad occasionally. The exception has been considered as general, and extending equally to foreigners who reside always abroad." *Ruggles* v. *Keeler*, 3 John's Rep., 263.

The plaintiff in this case was a non-resident at the time the contract was made and the action accrued, both parties then residing in Connecticut. This case is much stronger than the one at bar, in that our statute does not speak of the defendant's *return* into the State. In the case of *Hartley* v. *Crawford*, under a statute identical with ours and a state of facts identical with those under consideration, it was contended that the statute was alone applicable to residents, the plaintiff being a non-resident. The Court said that—

"To hold the act applied only to causes of action accruing in this State, or in behalf of one of our citizens, would be exceedingly forced, and entirely unsupported, as we think, by reason or authority. The language of the statute is general, and applies to all personal causes of action to which a bar is provided in the preceding sections. If the Legislature had intended that Section 20 should only apply to causes of action arising in this State or

Kempe *v.* Bader.

in favor of our citizens, it is not at all likely that language of so general import would have been used." 12 Nebraska, 471.

This broad construction has been given to statutes of other States similar in character in cases too numerous to cite. The curious may see them cited in Wood upon Limitations, Section 245 and notes. We have been cited to no authority, and have been unable to discover any, which would justify the narrow construction contended for.

The case of *Barbour* v. *Erwin* being in conflict with two well-considered cases, and being otherwise unsatisfactory, is overruled in so far as it is in conflict with the opinion here expressed.

The time during which defendant was *absent* from the State, after the statute of this State had begun running in his favor, being deducted, the statute has not completed the bar, and the plea of the Tennessee statute is therefore unsustained.

The judgments in the two cases heard together will be reversed, and plaintiff will recover judgments here, the causes having been heard by the Circuit Judge without a jury.