SPEIGAL, INC. v. LUSTER.—215 S. W. (2d) 16.

Middle Section.   June 26, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

R. C. Royce, Jr. and Jack P. White, both of Nashville, for plaintiff in error.

Earl J. Baker and Montague S. Ross, both of Nashville, for defendant in error.

FELTS, J. Plaintiff commenced this suit December 12, 1946, upon an account over six years old, the last item being dated June 16, 1939. Defendant pleaded the general statute of limitations of six years. Code sec. 8600. The plea was sustained first by the court of general sessions and later by the circuit court, trying the case without a jury. Plaintiff appealed in error and insists that defendant was absent from this state so as to save the account from the bar of the statute, under Code section 8581, which is in these words:

"If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the

344

state shall not be taken as any part of the time for the commencement of the action."

There is no dispute as to the facts. Defendant is a resident of Davidson County, Tennessee, and for many years has been employed by the Davidson County Highway Department. He got a leave of absence from this employment April 15, 1942, during World War II, and went to work in a defense plant at Florence, Alabama. He worked there till August 1, 1945, when the plant closed and he came back to his job with the Highway Department.

He did not change his residence, but all the while kept his household goods and home here. While working in Florence he boarded there, but regularly came back home two or three times a month. He stayed here over the week ends, on days when off from his work, and during his vacations. He remained here a large part of the time and could have been sued and personally served with process here each fortnight between April, 1942, and August, 1945.

This being so, we think he was not absent from this State within the sense of Code section 8581, so as to arrest the running of the statute of limitations. The object of section 8581 is to save the creditor's remedy while he is kept from enforcing it by his debtor being out of the state. If the debtor's absence is not such as to prevent his creditor from suing him and having him personally served with process in this state, it is not an absence within section 8581, and does not suspend the running of the statute of limitations. Taylor v. McGill, 74 Tenn. 294; Turcott v. Yazoo & M. V. Railroad Co., 101 Tenn. 102, 45 S. W. 1067, 40 L. R. A. 768, 70 Am. St. Rep. 661; Green v. Snyder, 114 Tenn. 100, 84 S. W. 808; Boro v. Hidell, 122 Tenn. 80, 120 S. W. 961, 135 Am. St. Rep.

857; Arrowood v. McMinn County, 173 Tenn. 562, 121 S. W. (2d) 566, 119 A. L. R. 855. Compare: Edgington v. Edgington et al., 179 Tenn. 83, 162 S. W. (2d) 1082.

██ "Absence from the state and residence out of the state, in the sense of the statute (sec. 8581), means such absence and such nonresidence as renders it impracticable to all times to obtain service of process; . . ." Turcott v. Yazoo & M. V. Railroad, supra, 101 Tenn. 105, 110, 45 S. W. 1069; Arrowood v. McMinn County, supra, 173 Tenn. 567, 121 S. W. (2d) 568; see also numerous cases in Annotations, 94 A. L. R. 485; 119 A. L. R. 859.

The judgment of the circuit court is affirmed. The costs of the appeal in error are adjudged against plaintiff and the sureties on its appeal bond.

Howell, and Hickerson, JJ., concur.