Forest YOUNG, Appellant,

v.

Jessie May HICKS and Willys Motors, Inc., a corporation, Appellees.

No. 15806.

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1957.

Selden Blumenfeld and Blumenfeld & Abrams, St. Louis, Mo., filed brief for appellant.

Hiram W. Watkins, St. Louis Mo. (Lashly & Neun and Paul W. Lashly, St. Louis, Mo., were with him on the brief) for appellee Jessie May Hicks.

William W. Evans, St. Louis, Mo., (Evans & Dixon, St. Louis, Mo., were with him on the brief) for appellee Willys Motors, Inc.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of February 7, 1957, dismissing the complaint of Forest Young in a personal injury action, upon the ground that the claim stated in her complaint was barred by limitations.

The action was brought in the Circuit Court of the City of St. Louis, Missouri, on July 3, 1956, and was removed by the defendants (appellees) to the United States District Court upon the ground of diversity of citizenship and amount in controversy. The claim stated in the plaintiff's (appellant's) complaint was, in substance, that on February 26, 1955, while the plaintiff was a guest passenger in an automobile manufactured by the defendant Willys Motors, Inc., and being driven by the defendant Jessie May Hicks on a public highway in Sumner County, Tennessee, the brakes of the automobile suddenly locked, causing it to skid into the ditch alongside the highway and to turn over; that she, the plaintiff, sustained serious personal injuries as a

result of the accident; and that her injuries were due to the negligence of the defendants.

In the joint petition for removal filed by the defendants, it was stated that the defendant Hicks was a citizen and resident of Indiana; the defendant Willys Motors, Inc., a citizen and resident of Pennsylvania; and the plaintiff, a citizen and resident of Kentucky.

Each of the defendants filed a motion to dismiss the plaintiff's complaint on the ground that a statute of limitations of Tennessee (Section 28-304, Tennessee Code Annotated) provided that "Actions for * * * injuries to the person * * * shall be commenced within one (1) year after cause of action accrued"; that a statute of Missouri (Section 516.-180, Missouri Revised Statutes 1949, V.A.M.S.) provided that "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state"; that the complaint of the plaintiff affirmatively showed that her action was brought more than one year after her claim "accrued"; and that it was therefore barred in Missouri as well as Tennessee.

The plaintiff asserted that the one-year statute of limitations of Tennessee had been tolled as to each of the defendants because of their nonresidence and absence from the state of Tennessee. This because of Section 28-112, Tennes-

see Code Annotated, which provided that "If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action."

The District Court ruled that, since the plaintiff's claim arose from an automobile accident which occurred in Tennessee while the defendant Hicks was operating the automobile on a highway of that state, personal service of process could have been obtained upon her by serving the Secretary of State as her agent by virtue of Section 20-224, Tennessee Code Annotated,[1] and that therefore the applicable statute of limitations was not tolled as to that defendant. The court relied upon the case of Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 567, 119 A.L.R. 855, in which the following language appears:

"It is obvious that under Code, Section 8671 et seq., providing for service on non-resident operators on highways in this State through the Secretary of State, suit could have been commenced and service had at any time within the limitation of one year. The absence or non-resi-

---

1. "20-224. *Use of highways as appointment of agent for process.*—

"Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle licensed under the laws of this state, for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by any person against

him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and the county of action.

"The agency of the secretary of state to accept service of process shall continue for a period of one (1) year from the date of any accident or injury and shall not be revoked by the death of such nonresident within such period of one (1) year."

dence of the defendants in no way obstructed or prevented suit against or service upon them. The applicable principle laid down by our decisions is that when the remedy of the suitor is complete and unaffected by the absence of the defendant, when his non-residence does not affect the right to sue, Code, Section 8581 (Act of 1865) providing that 'the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action' is without application."

It is apparent that the mere nonresidence of a defendant upon whom personal service of process can be had in the state of Tennessee does not toll the running of the state statute of limitations.

■ "Absence from the state and residence out of the state, in the sense of the statute (sec. 8581 [Section 28–112, Tennessee Code Annotated]), means such absence and such nonresidence as renders it impracticable at all times to obtain service of process." Spiegel, Inc., v. Luster, 31 Tenn.App. 342, 215 S.W.2d 16, 17. See, also, Akers v. Gillentine, 33 Tenn.App. 212, 231 S.W.2d 372; and 17 A.L.R.2d 516.

■ There can, we think, be no doubt that the defendant Hicks was subject to service of process in Tennessee, and that her nonresidence did not toll the applicable one-year statute of limitations of Tennessee, and that Section 516.180 of Missouri Revised Statutes 1949, V.A. M.S. therefore had the effect of barring the prosecution of her claim in Missouri. The granting of the motion of the defendant Hicks to dismiss the complaint was, in our opinion, correct.

The ruling of the District Court that the claim of the plaintiff against Willys Motors, Inc., was also barred by the Tennessee statute of limitations, under Missouri law, was based upon the court's conclusion that an affidavit filed by that defendant in support of its motion to dismiss the complaint showed that it was also subject to service of process within the state of Tennessee at all times subsequent to the happening of the accident in which the plaintiff was injured. The affidavit reads as follows:

"I, Henry H. Murphy, residing at 1106 Belmeade Avenue, Chattanooga, Tennessee, am employed by Willys Motors, Inc. as District Manager of District Six, which is the East Tennessee territory. I am the only representative of Willys Motors, Inc. who resides within District Six. I have been employed by Willys Motors, Inc., in my present capacity since Willys Motors became affiliated with Kaiser Motors Corp. sometime around the last part of 1953. Before that time, I was employed by Kaiser Motors Corp. in relatively the same capacity and in the same territory. I have resided in Chattanooga for the continuous period of 8 and one half years. As District Manager for Willys Motors, Inc., I call on twenty automobile retail dealers scattered through my district for the purpose of selling automobiles and automobile parts. I am employed solely by Willys Motors, Inc. and have been continuously since about the end of the year 1953.

"The above statement is true to the best of my knowledge."

The difficulty with this affidavit is that it is vague and general and seems to be as consistent with the hypothesis that Murphy was a mere solicitor of orders for automobiles and automobile parts, to be accepted or rejected by Willys Motors, Inc., in Pennsylvania, as with the hypothesis that he was conducting business for that defendant in Tennessee to such an extent as would subject it to service of process in that State. The affidavit does not show that Willys Motors, Inc., had any permanent office in the State, or that it had held out Murphy as a general agent for such business as the corporation transacted there, or that he had authority to make collections for it or to enter into contracts on its behalf or to

**84**

do anything more than call on the trade. Neither does the affidavit show that the activities of the corporation in Tennessee were of a substantial character or that they had any relation whatever to the plaintiff's claim.

■ The validity of service of process upon a nonresident corporation has been repeatedly said to depend upon whether the corporation is doing business within the state in such a manner and to such an extent as to warrant the inference that, through its agent or agents, it was present there. Mere solicitation of orders in a state has in the past been held to be insufficient to subject a corporation to service of process. See and compare, Green v. Chicago, Burlington & Quincy R. Co., 205 U.S. 530, 531–534, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 85–88, 38 S.Ct. 233, 62 L.Ed. 587; Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Minnesota Commercial Men's Ass'n v. Benn, 261 U.S. 140, 144–145, 43 S.Ct. 293, 67 L.Ed. 573.

It seems to us not improbable that inferences might perhaps be drawn from the affidavit of Murphy that Willys Motors, Inc., was doing sufficient business in Tennessee to subject itself to service of process within that state, under the more recent decisions of the Supreme Court of the United States. See International Shoe Co. v. State of Washington, 326 U.S. 310, 313–322, 66 S.Ct. 154, 90 L.Ed. 95; Travelers Health Ass'n v. Commonwealth of Virginia ex rel. State Corp. Comm., 339 U.S. 643, 647–649, 70 S.Ct. 927, 94 L.Ed. 1154; Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 666–672, 73 S.Ct. 900, 97 L.Ed. 1331. However, we think it cannot be said with certainty that Willys Motors, Inc., could effectively have been served with process in Tennessee.

We go no further than to hold that the affidavit of Murphy was too weak a peg upon which to hang a dismissal of the plaintiff's complaint as against the defendant Willys Motors, Inc. Cf. National Labor Relations Board v. Little Rock Furniture Mfg. Co., 8 Cir., 123 F.2d 868, 871. In reaching this conclusion, we have not overlooked the statutes of Tennessee which authorize the service of process upon a foreign corporation doing business in the State by serving any of its agents, "no matter what character of agent such person may be." Sections 20–221 and 20–220, Tennessee Code Annotated. Neither have we overlooked the contention of the defendant Willys Motors, Inc., that the failure of the plaintiff to allege in her complaint facts to show that the statute of limitations of the state of Tennessee was tolled by the nonresidence of that corporation warranted the dismissal of the plaintiff's complaint as to it.

■ This Court has repeatedly said that there is no justification for dismissing a complaint unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim stated. Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412 and cases cited. See, also, Rennie & Laughlin, Inc., v. Chrysler Corporation, 9 Cir., 242 F.2d 208, 212–213.

■ It is at least conceivable that evidence might be forthcoming to show that the defendant Willys Motors, Inc., was not engaged in business in Tennessee to an extent which would, consistently with due process, make it subject to the service of summons in that State and that the applicable statute of limitations was therefore tolled by virtue of the nonresidence of that defendant.

Our conclusion is that the order appealed from should be affirmed as to the defendant Hicks, but should be vacated as to the defendant Willys Motors, Inc., without prejudice to that defendant establishing, if it can, upon a trial or upon a motion for summary judgment, that it was in fact amenable in Tennessee to service of judicial process and that the plaintiff's claim is therefore barred by limitations.

The order appealed from is affirmed as to the defendant Hicks; it is vacated as to the defendant Willys Motors, Inc.; and the case is remanded for further proceedings not inconsistent with this opinion.