Elsie L. STOCKBURGER and John C. Stockburger, Plaintiffs-Appellants,

v.

Lucy E. RAY (Two Consolidated Cases), Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section.

April 28, 1972.

Certiorari Denied by Supreme Court Sept. 5, 1972.

OPINION

TODD, Judge.

In these consolidated cases, the plaintiffs, Mrs. Elsie L. Stockburger and her husband, John Stockburger, have appealed from directed verdicts dismissing their suits against the defendant, Lucy E. Ray, arising out of personal injuries to Mrs. Stockburger.

On October 15, 1969, plaintiff, Mrs. Elsie L. Stockburger, sued the defendant, Lucy E. Ray, for personal injuries sustained in an automobile collision on October 10, 1968. On the same date, John C. Stockburger sued the same defendant for medical expenses of Mrs. Stockburger, loss of her services, and property damage resulting from the same collision.

Mr. Stockburger was awarded a judgment for his property damages and no appeal was made therefrom, hence this phase of the case is not before this Court.

The Trial Judge sustained pleas of statute of limitations and directed verdicts for the defendant in respect to the entire suit of Mrs. Stockburger and in respect to all parts of Mr. Stockburger's suit based upon the personal injuries of Mrs. Stockburger.

The two assignments of error challenge the ruling of the Trial Judge that plaintiffs' actions for personal injuries were barred by the one year statute of limitations.

From the dates heretofore stated, it is evident that these two suits were filed on the sixth day after the expiration of a period of one year from the date of injury. The plaintiffs insist that the running of the one year statute was tolled because of recurrent absences of defendant from the State of Tennessee during the year following the injury.

In her discovery deposition, defendant testified that, on the day of the collision she resided in an apartment in Nashville, Tennessee; that her parents resided in Birmingham, Alabama; that, from October

Kenneth Harwell, Nashville, for plaintiffs-appellants.

Schulman, McCarley, Hollins & Pride, Nashville, for defendant-appellee.

10, 1968, the date of collision, until October 10, 1969 (one year later) she visited her parents in Alabama every third weekend and some holidays; that during said period she was absent from the State of Tennessee an estimated total of twenty-five days. There is no other evidence of defendant's absence from the State and no evidence that at any time during said period defendant removed her regular residence from the said apartment in Nashville, Tennessee.

Plaintiffs rely upon § 28–112, T.C.A., as follows:

*"28–112.  Suspension during absence from state.*—If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, *after any cause of action shall have accrued,* if the person against whom it has accrued shall be absent from or reside out of the state, *the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.* [Acts 1865, ch. 10, § 3; Shan., § 4455; Code 1932, § 8581.]" (Emphasis supplied)

In Shelton v. Breeding, 43 Tenn.App. 609, 310 S.W.2d 469 (1957), the plaintiff was injured on November 19, 1952 and suit was filed on February 24, 1956, more than three years later. It was insisted that the statute was tolled by absence of the defendant from the State. The Trial Judge sustained the plea, but this Court reversed on the following facts:

"Breeding, a married man, was a resident of Cookeville, Tennessee, and voted there. He was the operator of a power equipment for Foster & Creighton Company, of Nashville, general contractors, which does construction work in Tennessee and other states. Breeding, accompanied by his wife, in a trailer, would go from job to job in various states as his employment required. Sometimes they lived in an apartment rather than a trailer. According to his employment record, he was in Tennessee during the following periods: from November 19, 1952, through January 17, 1953, in Chattanooga; from February, 1953, through March, 1953, Nashville; from October 30, 1954, through May 7, 1955, Knoxville. The remainder of the period in question, i. e., from the date of the accident up until the filing of the suit, February 24, 1956, was spent by him on jobs in other states. On some of these occasions he would visit his parents at Cookeville on weekends and holidays, the number of which is not shown. He owned no real estate in Tennessee and, so far as is shown by the record, did not own any property subject to attachment." 43 Tenn.App., p. 612, 310 S.W.2d p. 471.

In Shelton v. Breeding, the defendant was in the state only on isolated occasions and his principal residence was elsewhere. In the present case, the defendant's principal and permanent residence remained at all times in Tennessee, and absences from the State were only on isolated occasions. These facts distinguish Shelton v. Breeding from the present case.

In Carlin v. Wallace, 81 Tenn. (13 Lea) 571 (1884), the Supreme Court rejected a plea of statute of limitations by a defendant who was at all material times a citizen of Georgia, and said:

"The terms are broad and comprehensive, and embrace those persons who are temporarily absent, as well as those persons who are non-residents, and make no distinction between those who are non-resident of the State by removal therefrom, and those who have always been so. So that in the present case no time had commenced to run against complainant, though his cause of action had existed for several years, and he might at any time as he has done by this bill, commence his suit by attachment." 81 Tenn., p. 573

In Kempe v. Bader, 86 Tenn. 189, 6 S. W. 126 (1887), there was a plea of the six year statute of limitations against a note which was made by defendant while residing in Missouri. Defendant relied upon the fact that he had removed his residence to Tennessee more than six years prior to being sued in Tennessee. The Supreme Court said:

"The defendant, after his removal to this state, is shown to have been absent from the state from July, 1878, to November, 1879. This absence, though intended to be but a temporary absence and with intent to return, is nevertheless an absence from the state within the meaning of the latter clause of this section.

\* \* \* \* \* \*

"The time during which defendant was absent from the state, after the statute of this state had begun running in his favor, being deducted, the statute has not completed the bar, and the plea of the Tennessee statute is therefore unsustained." 86 Tenn., pp. 192, 196, 6 S.W., p. 127, 129

In Spiegel, Inc. v. Luster, 31 Tenn.App. 342, 215 S.W.2d 16 (1948), the facts and opinion of this Court are stated as follows:

"There is no dispute as to the facts. Defendant is a resident of Davidson County, Tennessee, and for many years has been employed by the Davidson County Highway Department. He got a leave of absence from this employment April 15, 1942, during World War II, and went to work in a defense plant at Florence, Alabama. He worked there till August 1, 1945, when the plant closed and he came back to his job with the Highway Department.

"He did not change his residence, but all the while kept his household goods and home here. While working in Florence he boarded there, but regularly came back home two or three times a month. He stayed here over the week ends, on days when off from his work, and during his vacations. He remained here a large part of the time and could have been sued and personally served with process here each fortnight between April, 1942, and August, 1945.

"[1–3] This being so, we think he was not absent from this State within the sense of Code section 8581, so as to arrest the running of the statute of limitations. The object of section 8581 is to save the creditor's remedy while he is kept from enforcing it by his debtor being out of the state. If the debtor's absence is not such as to prevent his creditor from suing him and having him personally served with process in this state, it is not an absence within section 8581, and does not suspend the running of the statute of limitations. Taylor v. McGill, 74 Tenn. 294; Turcott v. Yazoo & M. V. Railroad Co., 101 Tenn. 102, 45 S.W. 1067, 40 L.R.A. 768, 70 Am.St.Rep. 661; Green v. Snyder, 114 Tenn. 100, 84 S.W. 808; Boro v. Hidell, 122 Tenn. 80, 120 S.W. 961, 135 Am.St.Rep. 857; Arrowwood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855. Compare: Edgington v. Edgington et al., 179 Tenn. 83, 162 S.W.2d 1082.

"[4] 'Absence from the state and residence out of the state, in the sense of the statute (sec. 8581), means such absence and such nonresidence as renders it impracticable at all times to obtain service of process; . . .' Turcott v. Yazoo & M. V. Railroad, supra, 101 Tenn. 105, 110, 45 S.W. 1069; Arrowwood v. McMinn County, supra, 173 Tenn. 567, 121 S.W.2d 568; see also numerous cases in Annotations, 94 A.L.R. 485; 119 A.L.R. 859."

31 Tenn.App., pp. 344, 345, 215 S.W.2d, p. 17

In Shelton v. Breeding, supra, this Court made the following distinction:

"We do not find anything in Spiegel, Inc., v. Luster, 31 Tenn.App. 342, 215 S.

W.2d 16, 17, contrary to this holding. In the first place, Spiegel does not discuss the cases of Carlin v. Wallace and Kempe v. Bader, supra, but specifically found the defendant 'did not change his residence * * * and could have been sued and personally served with process here each fortnight between April, 1942, and August, 1945'. In the case at bar the defendant was out of the state the greater part of the time, and only on rare occasions at what he called home in Cookeville. It is true he said that he might have been served with process at Cookeville. Of course that would depend on his being caught there on some of his visits, and that would depend upon the alertness and luck of the plaintiff."

43 Tenn.App., p. 613, 310 S.W.2d, p. 471

■ From the foregoing it is evident that the rule heretofore adopted and followed in Tennessee is the rule of common sense, that is, that the running of the statute is suspended during any period wherein the claimant is actually and substantially deprived of his opportunity of enforcing his claim because of the absence of the defendant from the State. By its very nature, the rule must be applied in each case in accordance with the particular facts and circumstances involved.

■ In cases where the evidence presents a justiciable issue of fact as to whether or not this opportunity of plaintiff to sue was indeed prejudiced by the absence of defendant, such issue may well be proper for submission to the jury under proper instructions.

In the present case, however, the defendant maintained her known and customary place of abode within the State, and her absences were brief. There was no hindrance to the institution of a suit against her, even during one of her brief absences; for process could have been readily served upon her return to the State.

■ While the burden of proof is upon the one asserting the bar of the statute to show the bar, when the showing is made, the burden shifts to the other party to show the exception. Jones v. Coal Creek Mining & Mfg. Co., 133 Tenn. 159, 183, 180 S.W. 179, 991 (1915).

■ Where the statute is prima facie a good defense, the onus probandi lies upon the party who seeks to avoid its operation. Shropshire v. Shropshire, 15 Tenn. (7 Yerg) 165 (1834).

■ In the present case, the evidence presented by the plaintiff is not sufficient to overcome the prima facie appearance of the running of the statute. The brief absences of defendant while continuing to maintain her domicile in this State, *unaccompanied by some evidence of substantial prejudice to or interference with the opportunity of plaintiffs to pursue their legal remedies*, does not discharge the onus probandi resting upon the plaintiff.

■ Where a necessary fact is not established, the party having the burden of proving such fact must suffer the loss. Reserve Life Ins. Co. v. Whittemore, 59 Tenn.App. 495, 442 S.W.2d 266 (1969).

Under the circumstances reflected by this record and the applicable law, the rulings and resultant judgments of the Trial Court were correct, and they are affirmed. The costs of this appeal are taxed against the plaintiffs-appellants.

Affirmed.

SHRIVER, and PURYEAR, JJ., concur.