IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 24, 2012 Session

## REV. J. M. SHAFFER

v.

## MEMPHIS AIRPORT AUTHORITY, SERVICE MANAGEMENT SYSTEMS, INC., AND JOHN DOE B. THROUGH D.

**Appeal from the Circuit Court of Shelby County**
**No. CT-002192-10   Karen R. Williams, Judge**

**No. W2012-00237-COA-R9-CV - Filed January 18, 2013**

This interlocutory appeal involves comparative fault and amending to add a defendant. The plaintiff suffered slip-and-fall injuries at the defendant airport. The day before the statute of limitations ran, the plaintiff filed this lawsuit against the airport, alleging negligence. The airport's answer asserted comparative fault but did not identify an additional tortfeasor. In later discovery, the airport identified its janitorial service. The plaintiff amended her complaint to add the janitorial service as a defendant, citing T.C.A. § 20-1-119. The defendant janitorial service filed a motion to dismiss, citing the statute of limitations. The trial court declined to dismiss the claims against the janitorial service, holding that the disclosure of the identity of the janitorial service in discovery triggered the 90-day statutory period under Section 20-1-119 in which the plaintiff is permitted to amend the complaint to add a defendant. We reverse, holding that, by the express terms of Section 20-1-119, the statutory 90-day period is not triggered by a defendant's response to a discovery request.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court is Reversed and Remanded.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Hope B. Calabro, Memphis, Tennessee, for Defendant/Appellants, Service Management Systems, Inc.

Steven W. Pittman, Hernando, Mississippi, for Plaintiff/Appellee, Rev. J. M. Shaffer

**OPINION**

## FACTS AND PROCEEDINGS BELOW

This interlocutory appeal arises from the denial of a motion to dismiss. On April 29, 2009, Plaintiff/Appellee Rev. J. M. Shaffer ("Shaffer") was at the Memphis International Airport ("airport"). While there, Shaffer slipped and fell on floors that allegedly "had been heavily waxed." She sustained serious injuries in the fall.

A year later, on April 29, 2010, Shaffer filed this lawsuit in the Circuit Court of Shelby County, Tennessee against Defendant Memphis-Shelby County Airport Authority ("Airport Authority") and Defendants John Doe A through D. The complaint alleged that the Airport Authority was primarily responsible for maintenance at the airport and its negligence in discharging its responsibilities had resulted in Shaffer's injuries. The complaint also asserted that the Airport Authority should be held liable for failing to adequately warn Shaffer about the dangerous condition that resulted in her injury. As to the John Doe defendants, the complaint alleged that they were "unknown people or entities that may be liable for injuries sustained by the Plaintiff in this cause." The complaint asserted that the Airport Authority was liable for any negligence by the John Does based on agency and the doctrine of respondeat superior. It sought compensatory damages in the amount of $75,000 plus attorney fees.

Shaffer timely served process on the Airport Authority. Shaffer also had summonses issued to John Does A through D; these were returned "not to be found."

On September 1, 2010, the Airport Authority filed its answer to Shaffer's complaint, combined with a motion to dismiss. The answer asserted various affirmative defenses, including comparative fault. It stated:

> 20. [Airport Authority] affirmatively alleges that the doctrine of comparative fault applies in this cause. Relying upon this doctrine, without limitation, Defendant affirmatively alleges as follows:
>
> * * *
>
> > (c) If Plaintiff received any injuries or incurred any damages or losses as a result of the incident described in the Complaint, such injuries, damages or losses were directly and proximately caused by the fault of other parties or non-parties for which or for whom this Defendant is not responsible and that portion of fault attributable to other parties or non-parties, should reduce recovery for damages or losses, if any, against this Defendant.

The answer did not identify the "other parties or non-parties" to which it referred in asserting comparative fault. Discovery ensued.

In January 2011, Shaffer propounded interrogatories and requests for admission. The interrogatories asked the Airport Authority to identify and provide contact information for entities contracted to provide janitorial services for the airport on the date of Shaffer's injury. On February 25, 2011, the Airport Authority submitted its discovery responses, stating that Defendant/Appellant Service Management Systems, Inc. ("SMS") was contracted to provide janitorial services at the airport on the date in question. The discovery responses provided the contact information for SMS and produced its contract with the Airport Authority.

On May 4, 2011, 245 days after the Airport Authority filed its answer, Shaffer filed an amended complaint substituting SMS as John Doe A. The amended complaint cited Tennessee Code Annotated § 20-1-119 and Rule 15.01 of the Tennessee Rules of Civil Procedure. The amended complaint asserted that both the Airport Authority and SMS negligently failed to adequately warn her about the "dangerous condition that had been created by the waxed and highly slick floors" of the airport. The amended complaint continued to include John Does B through D as unknown defendants.

The answer filed by SMS to Shaffer's amended complaint included a motion to dismiss based on the applicable one-year statute of limitations. SMS subsequently filed a separate motion to dismiss, as well as a supporting memorandum, contending that the claims against SMS in the amended complaint were not timely because Shaffer did not comply with the requirements of Section 20-1-119. SMS also claimed that Shaffer could not substitute SMS for John Doe A because she did not have service of process on John Doe A reissued. Shaffer did not file a response to this motion.

On November 4, 2011, the trial court held a hearing on SMS's motion to dismiss. At this hearing, SMS argued first that, because the Airport Authority had denied in its answer that it controlled and maintained the part of the airport in which Shaffer fell and had also asserted comparative fault as an affirmative defense in its answer, the answer triggered the 90-day statutory period under Section 20-1-119 for Shaffer to amend her complaint to assert claims against an additional tortfeasor. Questioned about whether the Section 20-1-119 grace period was triggered by an answer that did not identify a specific person or entity in its assertion of comparative fault, SMS cited *Romine v. Fernandez*, 124 S.W.3d 599 (Tenn. Ct. App. 2003), for the proposition that, in light of available discovery tools, a defendant does not have to specifically name an additional alleged tortfeasor if its answer provides reasonable notice.

In response, Shaffer argued that, under Rule 8.03 of the Tennessee Rules of Civil Procedure, the Airport Authority did not perfect the affirmative defense of comparative fault until it

disclosed the identity of SMS in its interrogatory response. Under those circumstances, Shaffer contended, the amendment to her complaint adding SMS as a defendant was timely under Section 20-1-119 because the amendment was made within 90 days after SMS's identity was disclosed in the Airport Authority's interrogatory response.

In the alternative, SMS argued that, under Rule 3 of the Tennessee Rules of Civil Procedure, the amendment purportedly substituting SMS for John Doe A was untimely because Shaffer did not re-issue service of process on an original defendant within one year. In response to this argument, Shaffer stated that she was relying on Section 20-1-119 to toll the statute of limitations, rather than on Rule 3 of the Tennessee Rules of Civil Procedure, and also asserted that she relied on Rule 15 of the Tennessee Rules of Civil Procedure, without elaborating.

In the hearing, the trial court pressed counsel for SMS on whether the 90-day time period in Section 20-1-119 was triggered by the answer asserting comparative fault without identifying an additional alleged tortfeasor:

> MS. CALABRO: You know, Your Honor, the second thing is, I mean, Plaintiff wants to place the fault on a Defendant for not telling them the identity of this person when they have this contract with them. It's not their job to do that. Once Plaintiff is put on notice --
> THE COURT: Oh, but it is, if they wish to shift the fault to somebody else, they must tell who that person is.
> MS. CALABRO: And they did.
> THE COURT: No, they didn't.
> MS. CALABRO: Well, they did in discovery as soon as it was asked.
> THE COURT: And as soon as it was disclosed in discovery, within the 90 days, [Shaffer] filed. [Shaffer] did it in 65. That's the problem. The Defendant did not trigger this statute until they disclosed that name. That's where your argument fails. Motion denied.
> MR. PITTMAN: Thank you, Your Honor.

Thus, the trial court indicated that the statutory 90-day period was triggered when SMS was identified in the Airport Authority's interrogatory response. On November 30, 2011, the trial court issued an order denying SMS's motion to dismiss. The order attached and incorporated by reference the transcript of the November 4th hearing.

Subsequently, SMS filed a motion asking the trial court for permission to file an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court entered on order in January 2012 granting permission for the interlocutory appeal and listing

-4-

the issues for which permission to appeal was granted. In April 2012, this Court granted permission to appeal as well.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

Under Rule 9 of the Tennessee Rules of Appellate Procedure, the issues in a Rule 9 interlocutory appeal are limited to the questions that are certified by the trial court in its order granting permission for the appeal and also certified by the appellate court in its order granting permission for the appeal. *In re Bridgestone/Firestone*, 286 S.W.3d 898, 902 (Tenn. Ct. App. 2008) (citing *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000)). In this case, the trial court certified the following issues:

> 1. In light of the Court of Appeal's ruling in *Romine v. Fernandez,* 124 S.W. 3d. 599 (Tenn. Ct. App. 2003), perm. app. denied Dec. 22, 2003, whether Tenn. Code Ann. § 20-1-119 provided Plaintiff with a ninety (90) day extension of the statute of limitations when Defendant Memphis-Shelby County Airport alleged the fault of a non-party in its September 1, 2010 Answer, but failed to identify Service Management Systems, Inc. in its Answer by name and/or location in its Answer.
>
> 2. Where Defendant Memphis-Shelby County Airport Authority alleged the fault of another party or non-party in its September 1, 2010 Answer, but failed to identify any non-party by name and/or location in its Answer, does Tenn. Code Ann. § 20-1-119 provide Plaintiff with a ninety (90) day extension of the statute of limitations that begins to run from the date that said Defendant identified non-party Service Management Systems, Inc., as its janitorial service provider in an interrogatory answer filed on February 25, 2011, 245 days after the Memphis-Shelby County Airport Authority filed its Answer?
>
> 3. Whether the Plaintiff may utilize a John Doe mechanism outside of the context of the Tennessee Uninsured Motor Vehicle Coverage Statutes to circumvent the statute of limitations against a potential tortfeasor whose identity was unknown to the Plaintiff at the time her original Complaint was filed?
>
> 4. Where the Plaintiff named John Doe A as defendant in her Complaint, but failed to re-issue service of process against said John Doe A in accordance with Tenn. R. Civ. P. 3 within one (1) year after the first and only summons issued to John Doe A was returned not to be found, may Plaintiff rely upon the relation back mechanism of Rule 15 of the Tenn. R. Civ. P. when she later

replaced John Doe A with Service Management Systems, Inc. as a named party in her Amended Complaint after the statute of limitations expired?

In its order granting permission for the appeal, this Court did not further limit the questions certified.

The questions on appeal are subject, however, to a further limitation. In an interlocutory appeal, as well as in an appeal as of right, the appellate court considers only questions that were actually adjudicated by the trial court. *In re Estate of Boykin*, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) ("At the appellate level, 'we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . .' ") (quoting *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976)). To do otherwise would render the interlocutory appeal a request for an advisory opinion. In the case at bar, the third and fourth issues listed by the trial court in its order granting permission to appeal, concerning the use of a John Doe mechanism, were raised in the trial court and discussed at the hearing. However, from our review of the order and the hearing transcript, the trial court did not rule on these issues. Rather, the trial court's order was based only on its application of Section 20-1-119 to the facts of this case. Under these circumstances, we respectfully decline to address Issues 3 and 4, listed above, and limit our review to Issues 1 and 2.[1]

The issues on appeal arise from the trial court's denial of a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. A Rule 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint and does not address the strength of the plaintiff's proof. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). Therefore, a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone and does not involve consideration of matters outside the pleadings. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *Trau-Med,* 71 S.W.3d at 696. "In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med,* 71 S.W.3d at 696 (citing *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996)). We review the trial court's denial of the motion to dismiss *de novo,* with no presumption of correctness. *Webb*, 346 S.W.3d at 426 (Tenn. 2011); *Trau-Med*, 71 S.W.3d at 696-97.

---

[1] In reviewing Issues 1 and 2, we note that Shaffer made an undeveloped argument based on Rule 15 of the Tennessee Rules of Civil Procedure. The trial court did not make its ruling on the basis of Rule 15, so we decline to address it on appeal.

**ANALYSIS**

In Tennessee, personal injury claims such as Shaffer's are subject to Tennessee's one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1) (2000). In this case, Shaffer did not amend her complaint to add SMS as a defendant until May 4, 2011, over two years after her April 2009 injury at the airport. Therefore, it is undisputed that Shaffer's claims against SMS are time-barred unless Shaffer meets her burden of establishing an exception to the statute of limitations. *See Deal v. Hastings*, No. W2003-00912-COA-R3-CV, 2003 WL 23100341, at *1 (Tenn. Ct. App. Dec. 22, 2003) ("When a defendant establishes their entitlement to a statute of limitations defense, the burden of proof shifts to the plaintiff to establish an exception.") (citing ***Smith v. Southeastern Props., Ltd.***, 776 S.W.2d 106, 109 (Tenn. Ct. App.1989); ***Stockburger v. Rhea***, 488 S.W.2d 378, 382 (Tenn. Ct. App. 1972)).

The issues raised on appeal revolve around the interpretation of Tennessee Code Annotated § 20-1-119, which provides as follows:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person . . . .

Tenn. Code Ann. § 20-1-119 (2009). The statute has been described as providing a "grace period" for a plaintiff to add a defendant to the lawsuit even if the applicable limitations period has elapsed. ***Mills v. Fulmarque,*** 360 S.W.3d 362, 370 (Tenn. 2012). ***See also Owens v. Truckstops of America, Inc.***, 915 S.W.2d 420, 427 (Tenn. 1996); ***Romine v. Fernandez***, 124 S.W.3d 599, 603 (Tenn. Ct. App. 2003). Resolution of the issues raised on appeal require us to review the trial court's interpretation of the statute. Statutory construction presents a question of law which we review *de novo* with no presumption of correctness. ***See Austin v. State,*** 222 S.W.3d 354, 357 (Tenn. 2007) (citing ***Button v. Waite***, 208 S.W.3d 366, 369 (Tenn. 2006)).

The first question certified by the trial court asks us to determine the applicability of the statute under the facts of this case in light of this Court's opinion in ***Romine v. Fernandez,***

124 S. W. 3d. 599 (Tenn. Ct. App. 2003) (perm. app. den. Dec. 22, 2003). After reviewing *Romine*, we must conclude that it does not substantially assist us in determining the issues presented on appeal in this case. In *Romine*, the defendant physician in a medical malpractice lawsuit filed an answer asserting comparative fault and stating that he did not order the medication that caused the subject injuries to the plaintiff. *Id.* at 602. The answer did not describe or identify the person who ordered the medication. Within 90 days after the defendant physician filed the answer, the plaintiff filed an amended complaint adding as an additional defendant the physician who allegedly ordered the medication. The trial court held that the claim in the amended complaint was timely under Section 20-1-119, and the appellate court agreed, holding that the answer provided the plaintiff with sufficient notice to trigger the 90-day statutory period. *Id.* at 604. We find that *Romine* is not helpful to us in this case because Shaffer's claim against SMS is timely filed *only* if the 90-day period under Section 20-1-119 began accruing when the Airport Authority filed its discovery response identifying SMS as the airport's janitorial service. *Romine* does not address whether the statutory 90-day period can be triggered by a discovery response.

Another decision by this Court, *Grindstaff v. Bowman*, is instructive. *Grindstaff v. Bowman*, No. E2007-00135-COA-R3-CV, 2008 WL 2219274; 2008 Tenn. App. LEXIS 323 (Tenn. Ct. App. May 29, 2008). *Grindstaff* arose out of a collision between the plaintiffs' vehicle and the defendant's vehicle. The plaintiffs filed suit against the defendant, and the lawsuit lay dormant for some time. *Grindstaff*, 2008 WL 2219274, at *1; 2008 Tenn. App. LEXIS 323, at *2. Finally, fourteen months after the complaint was filed, the defendant's attorney wrote a letter to the plaintiff's attorney advising him that, at the time of the accident, the defendant was on an errand for his employer. Shortly after that, the defendant filed an answer that did not mention the defendant's employer or the information in the letter. *Grindstaff*, 2008 WL 2219274, at *1; 2008 Tenn. App. LEXIS 323, at *3. The plaintiffs then filed an amended complaint asserting a claim against the employer. The employer filed a motion for summary judgment, asserting that the plaintiffs' claim was time-barred under the one-year statute of limitations. *Grindstaff*, 2008 WL 2219274, at *2; 2008 Tenn. App. LEXIS 323, at *4. The trial court granted the employer's motion, and the plaintiff appealed.

On appeal, the plaintiff sought to rely on Section 20-1-119, arguing that the defendant's answer and letter, considered together, were enough to satisfy the requirements of Section 20-1-119 because the statute is to be interpreted broadly. *Grindstaff*, 2008 WL 22197274, at *4; 2008 Tenn. App. LEXIS, at *10. This Court disagreed with the plaintiffs' contention:

> [T]he plaintiff's suggested construction is a clear deviation from the meaning of the statute's plain language . . . . By its own terms, [Section] 20-1-119 applies only where "a defendant . . . alleges *in an answer or amended answer* to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks

-8-

recovery." This language is clear and unambiguous. A letter from [defendant's] attorney to the plaintiff's attorney, . . . simply is not the same thing as an "answer." If the legislature wishes to expand the scope of [Section] 20-1-119 to include, generally, off-the-record letters or, more specifically, correspondence sent "at or around the time" of the filing of an answer or amended answer, it is, of course, at liberty to do so, but in the meantime we are bound by the current language of the statute. [Defendant's] *answer* to the original complaint makes no reference to Hardee's, and therefore it does not satisfy the requirements of § 20-1-119. . . .

*Grindstaff*, 2008 WL 2219274, at *4; 2008 Tenn. App. LEXIS 323, at *11 (emphasis in original). Thus, the *Grindstaff* court looked at the plain language of the statute and held that Section 20-1-119 was inapplicable under the facts of that case. The court commented that the statute "does not save untimely claims simply because a plaintiff learns, from some source or another, that there may be another potential defendant to the suit." *Grindstaff*, 2008 WL 2219274, at *4; 2008 Tenn. App. LEXIS 323, at *13.

In this case, the trial court below first noted that the Airport Authority's answer did not identify an additional alleged tortfeasor, and then held that the 90-day period under Section 20-1-119 was triggered by the Airport Authority's discovery response identifying SMS as the janitorial service for the airport. Based on *Grindstaff* and the plain language of the statute, we must respectfully disagree.

In construing a statute, the Court's primary objective is to give effect to the legislative intent behind the statute. *Austin,* 222 S.W.3d at 357; *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000). To do so, we look first to the language of the statute: "We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Austin,* 222 S.W.3d at 357 (quoting *Flemming*, 19 S.W.3d at 197). "If a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words." *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911 (Tenn. 2000).

By its terms, Section 20-1-119 provides a kind of safe harbor to a plaintiff, a window of opportunity to amend the complaint to add a defendant after the statute of limitations has run. As noted in *Grindstaff*, however, this window is opened only under the limited circumstances specified in the statute, namely, where "a defendant named in an original complaint . . . filed within the applicable statute of limitations . . . alleges *in an answer or amended answer* . . . that a person not a party to the suit caused or contributed to the injury. . . for which the plaintiff seeks recovery. . . ." Tenn. Code Ann. § 20-1-119(a)(emphasis added). Similar to the Court's observation in *Grindstaff,* we note that a discovery response

"simply is not the same thing as an 'answer'." ***Grindstaff***, 2008 WL 2219274, at *4; 2008 Tenn. App. LEXIS 323, at *11. Consequently, we must conclude that Section 20-1-119 is not applicable under the facts of this case, and Shaffer has not met her burden of establishing that her claim against SMS is excepted from the statute of limitations under Section 20-1-119. ***Deal***, 2003 WL 23100341, at *1. This holding pretermits all other issues raised on appeal.

Accordingly, we reverse the trial court's denial of SMS's motion for summary judgment on the basis of Section 20-1-119, and remand the cause for further proceedings consistent with this Opinion.

## CONCLUSION

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed against Plaintiff/Appellee Rev. J. M. Shaffer, for which execution may issue if necessary.

_____<br>
HOLLY M. KIRBY, JUDGE